UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
HATEM BEHIRY,  :
                        Movant,  :
                                                        :  21 Civ. 1779 (LGS)
               -against-  :  16 Crim. 763 (LGS)
                                                        :
UNITED STATES OF AMERICA  :
                       Respondent.  :  <u>ORDER</u>
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on May 9, 2019, after a six-week trial, a jury convicted Petitioner of conspiracy to commit health care fraud, mail fraud and wire fraud, conspiracy to make false statements relating to health care matters and health care fraud, mail fraud and wire fraud. On October 6, 2020, Petitioner was sentenced to twenty-four months' imprisonment on each count to run concurrently, followed by three years' supervised release.

      WHEREAS, on March 2, 2021, Petitioner sought to vacate his conviction or set aside his sentence pursuant to 18 U.S.C. § 2255(b) based on a claim of ineffective assistance of counsel (the "Habeas Petition").

      WHEREAS, by Opinion and Order dated February 11, 2022 (the "Habeas Opinion"), this Court denied the Habeas Petition.

      WHEREAS, on March 8, 2022, Petitioner, acting *pro se*, filed a motion pursuant to Federal Rule of Evidence 59(e) for reconsideration of the Court's denial of the Habeas Petition. In the alternative, Petitioner moved for a certificate of appealability. The Government filed an opposition on March 25, 2022. Petitioner filed a reply on April 14, 2022.

      WHEREAS, "[a] party may move for reconsideration and obtain relief only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or

the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (internal quotation marks omitted); *see also Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 56 (2d Cir. 2004) (applying same standard in the habeas context); *Noble v. United States*, No. 19 Crim. 6187, 2021 WL 5988628, at *2 (W.D.N.Y. Dec. 17, 2021) (same). The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . ." *Id.* (internal quotation marks omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021). Courts "will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020); *see also Suarez v. United States*, No. 17 Civ. 133, 2022 WL 1078436, at *2 (S.D.N.Y Apr. 11, 2022). The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted); *accord Suarez*, 2022 WL 1078436, at *2.

WHEREAS, pursuant to 28 U.S.C. § 2253(c), a certificate of appealability will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

WHEREAS, when a party appears *pro se*, a court must "construe [the petitioner's] submissions 'liberally and interpret[] [them] to raise the strongest arguments that they suggest.'"

2

*Felder v. U.S. Tennis Ass'n*, 27 F.4th 834 (2d Cir. 2022) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)) (alteration in original).

WHEREAS, in the Habeas Petition, Petitioner asserted that trial counsel rendered ineffective assistance by failing to: (1) move to preclude the introduction of certain videos on the ground that the Government could not adequately authenticate them; (2) move *in limine* to establish the admissibility of certain statements that contradicted the video recordings, as well as not providing adequate notice to the Government regarding introduction of those statements; (3) familiarize himself with an FBI Special Agent's interview notes, leading to ineffective cross-examination and (4) call four exculpatory witnesses.

WHEREAS, in the instant motion, Petitioner argues that the Court overlooked the fact that trial counsel (1) failed to move to suppress video evidence against him on the ground that the Government allegedly committed a willful discovery violation, and (2) confessed that he violated the ABA Rules of Professional Conduct and Supreme Court jurisprudence by failing to reasonably investigate Petitioner's case or challenge video evidence before or during trial.

WHEREAS, Petitioner does not identify any change of controlling law, any new evidence or the need to correct a clear error or prevent injustice.

WHEREAS, both of Petitioner's arguments are new arguments that Petitioner could have raised in the Habeas Petition. These new arguments are not a proper ground for a motion for reconsideration. *See Banister*, 140 S. Ct. at 1703 ("In particular, courts will not address new arguments or evidence that the moving party could have raised before the decision issued.").

WHEREAS, even if Petitioner had raised these arguments in support of his petition, doing so would not have changed the denial of the petition.

WHEREAS, Petitioner has not established that a party violates its discovery obligations when it produces copies of digital evidence in a format other than the format in which the data was originally recorded, nor does production in a different format establish that the videos in question were fabricated. Petitioner cites Federal Rule of Criminal Procedure 16(a) in support of his argument that the Government committed a discovery violation, but that rule does not specify that an electronic file must be produced in its original format. A discovery violation is even less likely when neither Petitioner nor his counsel made a request for the videos to be produced in their original format.[1] As no discovery violation occurred, trial counsel cannot "be [] ineffective for failing to make a motion that would have been futile." *United States v. Abad*, 514 F.3d 271, 276 (2d Cir. 2008) (per curiam); *accord Williams v. United States*, No. 12 Crim. 726, 2020 WL 1847966, at *8 (S.D.N.Y. Apr. 13, 2020).

WHEREAS, Petitioner reiterates arguments relating to the video's authentication, including that no "changes, additions, or deletions" can be made to an original recording. Petitioner's authentication arguments were considered and rejected in the Habeas Opinion, which held that the Government adequately authenticated the videos through Agent McElearney, who directly controlled, managed and created the video recordings, and that many other pieces of evidence corroborated the fraudulent nature of the physical therapy sessions captured in the videos.

WHEREAS, Petitioner's argument that trial counsel confessed that he violated the ABA Rules of Professional Conduct or Supreme Court authority by failing to investigate reasonably Petitioner's case or challenge video evidence reframes the arguments considered and rejected in

---

[1] Petitioner argues in his Reply that counsel made such a request, but merely notes that trial counsel requested copies of the video recordings.

the Habeas Opinion.  Petitioner relies on trial counsel's declaration, which was also filed in connection with the Habeas Petition and does not characterize any of the conduct as a violation of the ABA Rules of Professional Conduct or Supreme Court authority.  As the Habeas Opinion held, even if trial counsel's failures met the first prong of *Strickland* (which they do not), habeas relief is not warranted because there is no basis to conclude that the outcome of the criminal trial would have been different.  *See Weingarten v. United States*, 865 F.3d 48, 52 (2d Cir. 2017) ("[T]he petitioner must show that counsel's deficient representation was prejudicial to the defense by establishing 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'") (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).  Even if the video evidence had not been introduced at trial, significant other evidence was sufficient to prove guilt beyond a reasonable doubt, including myriad patient records and testimony from numerous fact witnesses with first-hand knowledge of Petitioner's fraudulent activity.  Petitioner has not established a "reasonable probability" that any failure of trial counsel would have produced a different trial outcome. *Weingarten*, 865 F.3d at 52.

WHEREAS, Petitioner argues that the Habeas Petition was premature in light of his direct appeal, which was pending at the time the petition was filed.  Although "habeas petitions filed before the petitioner has exhausted his direct appeal are generally considered premature," *Wall v. United States*, 619 F.3d 152, 154 (2d Cir. 2010), "there is no jurisdictional bar to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal," *Id.* at 154 n.2, as "[a]ny concern over such a practice is one of judicial economy and the concern that the results on direct appeal may make the district court's efforts on the § 2255 motion a nullity." *Gonzalez v. United States*, 792 F.3d 232, 238 (2d Cir. 2015) (internal quotation marks omitted).

Here, disposition of Petitioner's direct appeal, which did not involve issues of ineffective assistance of counsel, did not render the § 2255 motion a nullity.  *See United States v. Behiry*, No. 20 Crim. 3697, 2021 WL 6061988 (2d Cir. Dec. 20, 2021) (affirming judgment of conviction).  Petitioner represents that he is considering filing a petition for writ of certiorari to the Supreme Court of the United States, but does not appear to have any current appeal pending.

WHEREAS, with respect to Petitioner's request for certification of appeal, for the reasons stated above, Petitioner has not made a substantial showing of a federal right and appellate review therefore is not warranted.  *See* 28 U.S.C. § 2253(c)(2).  It is hereby

**ORDERED** that Petitioner's motion for reconsideration or, in the alternative, a certificate of appealability is DENIED.

The Clerk of Court is respectfully directed to close the motions at Docket No. 11 on the civil docket, and Docket No. 834 on the criminal docket, and mail a copy of this Order to *pro se* Petitioner.

Dated: April 22, 2022
       New York, New York

                                              **LORNA G. SCHOFIELD**
                                         **UNITED STATES DISTRICT JUDGE**

Here, disposition of Petitioner's direct appeal, which did not involve issues of ineffective assistance of counsel, did not render the § 2255 motion a nullity.  *See United States v. Behiry*, No. 20 Crim. 3697, 2021 WL 6061988 (2d Cir. Dec. 20, 2021) (affirming judgment of conviction).  Petitioner represents that he is considering filing a petition for writ of certiorari to the Supreme Court of the United States, but does not appear to have any current appeal pending.

WHEREAS, with respect to Petitioner's request for certification of appeal, for the reasons stated above, Petitioner has not made a substantial showing of a federal right and appellate review therefore is not warranted.  *See* 28 U.S.C. § 2253(c)(2).  It is hereby

**ORDERED** that Petitioner's motion for reconsideration or, in the alternative, a certificate of appealability is DENIED.

The Clerk of Court is respectfully directed to close the motions at Docket No. 11 on the civil docket, and Docket No. 834 on the criminal docket, and mail a copy of this Order to *pro se* Petitioner.

Dated: April 22, 2022
    New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**