UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
HATEM BEHIRY,                                               :
                                        Petitioner,         :
                                                            :         16 Cr. 763 (LGS)
                -against-                                   :
                                                            :         ORDER
UNITED STATES OF AMERICA,                                   :
                                        Respondent.         :
                                                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, on May 9, 2019, after a six-week trial, a jury convicted Petitioner of conspiracy to commit health care fraud, mail fraud and wire fraud, conspiracy to make false statements relating to health care matters and health care fraud, mail fraud and wire fraud. On October 6, 2020, Petitioner was sentenced to twenty-four months' imprisonment on each count to run concurrently, followed by three years' supervised release.

    WHEREAS, on March 1, 2021, Petitioner filed a habeas petition pursuant to 18 U.S.C. § 2255 seeking to vacate his conviction or set aside his sentence based on a claim of ineffective assistance of counsel. By Opinion and Order dated February 11, 2022, this Court denied the petition on the merits.

    WHEREAS, on March 8, 2022, Petitioner, acting *pro se*, filed a motion pursuant to Federal Rule of Civil Procedure 59(e) for reconsideration of the denial of the habeas petition. In the alternative, Petitioner moved for a certificate of appealability. On April 22, 2022, Petitioner's motion for reconsideration, or, in the alternative, a certificate of appealability was denied.

    WHEREAS, on January 27, 2023, Petitioner through counsel filed the present petition under § 2255 and writ of error *coram nobis*. Petitioner argues that his conviction should be vacated because his prior attorneys "failed to explore/advise [Petitioner] of the likelihood and

certainty that [Petitioner] would be deported upon the conduct of a trial and finding of guilt" and allegedly failed "to seek and then recommend a non-deportable plea." Petitioner submits an affirmation from his trial counsel, who confirmed that he did not explore plea discussions with the Government because Petitioner consistently maintained his innocence and desire to proceed to tria. The affirmation does not address whether or not trial counsel discussed with Petitioner the issue of immigration consequences or the likelihood of deportation. On February 3, 2023, Petitioner's § 2255 motion was denied for lack of jurisdiction pursuant to the statute's "in custody" requirement. The Government was directed to respond to Petitioner's writ of error *coram nobis*.

WHEREAS, the Government filed its opposition on February 22, 2023. Petitioner filed his reply on April 17, 2023.

WHEREAS, the Order dated February 3, 2023, denying Petitioner's § 2255 motion for lack of jurisdiction was issued in error and should be vacated, and Petitioner's § 2255 motion should be transferred to the United States Court of Appeals for the Second Circuit.

Section 2255 provides that a "prisoner *in custody* under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a) (emphasis added). Although Petitioner's prison term is complete, his three-year supervised release term, which began when he was released from prison on November 29, 2022, has not expired. Petitioner is therefore, as the Government points out, "in custody" for the purposes of § 2255. *See Earley v. Murray*, 451 F.3d 71, 75 (2d Cir. 2006) ("Post-release supervision, admitting of the possibility of revocation and additional jail time, is considered to be 'custody.'"); *accord Linares*

*v. United States*, No. 10 Cr. 996-1, 2022 WL 2708900, at *1 (S.D.N.Y. June 27, 2022); *see also Dong Cai v. United States*, No. 10 Cr. 590, 2013 WL 5934314, at *3 (E.D.N.Y. Nov. 1, 2013) (defendant in immigration custody who is on supervised release is "in custody" for purposes of § 2255).

Petitioner has not, however, certified his successive motion. A § 2255 motion is "second" or "successive" if "a prior petition raising claims regarding the same conviction or sentence has been decided on the merits." *Quezada v. Smith*, 624 F.3d 514, 517-18 (2d Cir. 2010); *accord Morrow v. United States*, No. 10 Cr. 102, 2023 WL 2771594, at *2 (S.D.N.Y. Apr. 4, 2023).[1] Section 2244 lays out the procedure that Petitioner must follow in order to move for certification of his second or successive motion for relief under § 2255. This process includes a petitioner filing an application in the appropriate court of appeals and a three-judge panel of that court deciding whether the petitioner has made a "prima facie showing that the application satisfies" the statutory requirements. 28 U.S.C. § 2244(b)(3)(C). A district court lacks jurisdiction to hear a successive § 2255 motion "without authorization from the Second Circuit and is required to transfer such a motion to the Second Circuit if doing so is in the interest of justice." *Acosta v. United States*, 197 F. Supp. 3d 553, 556 (S.D.N.Y. 2016).

The present § 2255 motion is second or successive because Petitioner's previous § 2255 motion was decided on the merits. *See Quezada*, 624 F.3d at 517-18. As Petitioner did not obtain the necessary certification from the Second Circuit, this court lacks authority to decide the motion. In the interest of justice, the present § 2255 motion is transferred to the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 1631; *Liriano v. United States*, 95 F.3d

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

119, 122-23 (2d Cir. 1996) (holding that second or successive § 2255 motions should be transferred to the court of appeals under § 1631); *accord Mendoza v. Jamison*, No. 8 Cr. 482, 2022 WL 3329464, at *1 (S.D.N.Y. July 14, 2022).

WHEREAS, Petitioner's petition for a writ of error *coram nobis* is without sufficient basis.  "A writ of error *coram nobis* is an extraordinary remedy, and relief under the writ is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid."  *United States v. Abakporo*, No. 21-2650-CR, 2022 WL 17684583, at *1 (2d Cir. Dec. 15, 2022) (summary order).  "A petitioner seeking *coram nobis* relief must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from [his] conviction that may be remedied by granting of the writ."  *Id.*  "A writ of error *coram nobis* is 'essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction.'"  *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000); *accord United States v. Gunn*, No. 3 Cr. 1277, 2022 WL 2063761, at *3 (S.D.N.Y. June 8, 2022).  As Petitioner remains "in custody" for purposes of § 2255, he may challenge his conviction under that statute.  The extraordinary remedy of *coram nobis* "may not issue when alternative remedies, such as habeas corpus, are available."  *United States v. Denedo*, 556 U.S. 904, 911 (2009); *see also Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013) ("A petition for a writ of *coram nobis* provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241.").  Petitioner offers no argument to the contrary.  Accordingly, Petitioner's petition for a writ of error *coram nobis* is denied.  It is hereby

**ORDERED** that, for the reasons above, the Order dated February 3, 2023, denying

4

Petitioner's § 2255 motion for lack of jurisdiction is **VACATED**. Petitioner's § 2255 motion is **TRANSFERRED** to the United States Court of Appeals for the Second Circuit. Petitioner's request for a hearing pursuant to 28 U.S.C. § 2255 is **DENIED, without prejudice**. Petitioner's petition for a writ of error *coram nobis* is **DENIED**.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 870.

Dated: July 27, 2023
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**